# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 05-3788

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *
      v.                           *      Appeal from the United States
                                   *      District Court for the
Kelley Joseph LeGrand, also        *      District of Minnesota.
known as Casper,                   *
                                   *
            Appellant.             *

_____

Submitted: September 26, 2006
Filed: November 20, 2006

_____

Before LOKEN, Chief Judge, BEAM and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

A jury found Kelley Joseph LeGrand guilty of conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and possession with the intent to distribute approximately 70 grams of a mixture or substance containing a detectable amount of methamphetamine. LeGrand appeals his conviction and sentence. We affirm the district court.[1]

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

## I. BACKGROUND

During October 2003, LeGrand engaged in the sale of methamphetamine along with Jose Aguilar, James Hipp, Jason Hechtel and Wade Gwynn. In one planned sale, Hechtel gave LeGrand the name of a potential buyer. LeGrand went to meet the buyer, but other people stole the methamphetamine and cash from LeGrand when the buyer did not appear. After the robbery, LeGrand believed that Hechtel and Gwynn set him up. LeGrand told them to come talk with him at the trailer home where he lived with Aguilar and Hipp. LeGrand forced Hechtel and Gwynn to stay at the trailer home until they could guarantee the $2,000 value of the methamphetamine and cash stolen from LeGrand. Gwynn used the title of his girlfriend's truck as collateral, and LeGrand and Aguilar permitted him to leave. Hechtel did not have any collateral, so LeGrand and Aguilar forced him to stay. LeGrand and Aguilar beat Hechtel, gave him two tattoos against his will, threatened him with a spear and shaved his head and eyebrow.

The next day, Aguilar released Hechtel and told him to return with the $2,000. Gwynn contributed $750, and Hechtel's father loaned Hechtel the remaining $1,250. After Hechtel and Gwynn gave this money to LeGrand and Aguilar, Hechtel refused to answer any phone calls from LeGrand and Aguilar. However, LeGrand forced Gwynn to continue selling methamphetamine with him. In three sales on November 13, 19 and 26, Gwynn received methamphetamine from LeGrand and sold it to an undercover officer. The undercover officer arranged the first sale through an informant and the second and third sales through direct phone conversations with Gwynn. Immediately before Gwynn arrived at the site for the second sale, surveillance officers at the trailer home observed Gwynn enter and exit the trailer home. These three undercover purchases resulted in the police obtaining a search warrant for the trailer home, executing it on November 26 and finding approximately 70 grams of methamphetamine.

After the jury returned its guilty verdicts, the district court determined that LeGrand was a career offender pursuant to U.S.S.G. § 4B1.1 and identified a mandatory sentencing guidelines range of 262 to 327 months' imprisonment. The district court sentenced LeGrand to 262 months' imprisonment. After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), we vacated the sentence and remanded for resentencing under advisory guidelines, *United States v. LeGrand*, No. 05-1147 (8th Cir. order filed Mar. 16, 2005). The district court again held that LeGrand was a career offender and sentenced LeGrand to 235 months' imprisonment after considering the 18 U.S.C. § 3553(a) factors.

## II.    DISCUSSION

LeGrand argues that the district court erred in denying his motion for judgment of acquittal and motion for a new trial because the evidence was insufficient to find him guilty. When reviewing a district court's denial of a motion for judgment of acquittal, "we reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Morales*, 445 F.3d 1081, 1084 (8th Cir. 2006) (internal quotation omitted). In making this determination, "we view the evidence in the light most favorable to the guilty verdict, granting all reasonable inferences that are supported by that evidence." *United States v. Milk*, 447 F.3d 593, 598 (8th Cir. 2006). We review a district court's denial of a motion for a new trial for abuse of discretion. *United States v. Dodd*, 391 F.3d 930, 934 (8th Cir. 2004). A district court has broad discretion in deciding whether to grant a new trial, but this discretion can be abused when the court does not consider all of the appropriate factors. *Id.*

Applying both of these standards of review, we find no error in the district court's decision to deny LeGrand's motions for judgment of acquittal and new trial.

The Government presented more than sufficient evidence for the jury to find that LeGrand was guilty of conspiracy and possession with the intent to distribute methamphetamine. Hechtel's and Gwynn's detailed testimonies described the methamphetamine sales they conducted for LeGrand. According to the testimonies, Hechtel and Gwynn would obtain the methamphetamine from LeGrand, sell the methamphetamine and give LeGrand the money generated from the sales. The undercover officer then testified about the methamphetamine purchases he made from Gwynn, and Gwynn testified he had obtained the methamphetamine from LeGrand. The informant who assisted the undercover officer testified that LeGrand forced Hechtel to sell methamphetamine. Additionally, the officers found methamphetamine when they searched the trailer home. While LeGrand disputes that he lived at this trailer home, he had reported to a community corrections officer that the trailer home was his residence and he had told Hechtel that he lived there. With this evidence, a reasonable jury could easily find that LeGrand was guilty of both conspiracy and possession with intent to distribute methamphetamine, and the district court did not err in denying LeGrand's motion for judgment of acquittal. The district court also did not abuse its discretion in denying his motion for a new trial.

LeGrand also argues that the district court erred in admitting evidence that LeGrand and his co-conspirators beat and tattooed Hechtel. We review the district court's evidentiary rulings for abuse of discretion. *United States v. Urbina*, 431 F.3d 305, 311 (8th Cir. 2005). While LeGrand seems to argue that the evidence that he beat and tattooed Hechtel is irrelevant, not probative and unfairly prejudicial, we find that it is relevant and its probative value is not substantially outweighed by any unfair prejudice. *See* Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . .").

-4-

"[E]vidence of violent acts committed by conspirators during and in relation to the [drug] conspiracy are direct evidence of the conspiracy and are therefore admissible." *United States v. Maynie*, 257 F.3d 908, 916 (8th Cir. 2001). Hechtel and Gwynn, along with some of their family and friends, testified that LeGrand threatened both Hechtel and Gwynn in an attempt to recover the value of methamphetamine that had been stolen from him. LeGrand also held Hechtel against his will and tattooed and beat him. All of this evidence is admissible to show LeGrand's persistence in both collecting the money value of the methamphetamine which he attempted to sell and protecting the conspiracy of selling methamphetamine. This evidence is relevant and probative of a drug conspiracy. *See id.* We reject LeGrand's argument that this evidence is unfairly prejudicial. Since the probative value is not substantially outweighed by any prejudicial effect, the district court did not abuse its discretion in admitting this evidence.

Next, LeGrand argues that the district court erred in not providing a curative instruction to the jury regarding the use of the word "kidnap" by witnesses. When there is no objection to the lack of an instruction, we review any decision by the district court to omit a curative instruction for plain error. *United States v. Gaona-Lopez*, 408 F.3d 500, 506 (8th Cir. 2005). At the beginning of the trial, the district court instructed the Government not to use the word "kidnap" in connection with Hechtel and Gwynn's forced detention at the trailer home because LeGrand was not charged with kidnapping and the use of the word might confuse the jury. A thorough review of the record reveals that the word "kidnap" was not used by either the Government or its witnesses. However, LeGrand's co-defendant's counsel used the word in his opening statement and in some of his cross-examinations of Government's witnesses. Although LeGrand discussed the possibility of a curative instruction with the district court, he determined it would not be useful and ultimately did not request a curative instruction. Under plain error review, the few references to "kidnap" by co-defendant's counsel were not substantial and did not affect the outcome of the trial.

*See United States v. Scofield*, 433 F.3d 580, 586-87 (8th Cir. 2006) (holding that in order to require correction the plain error must affect substantial rights and seriously affect the fairness, integrity, or public reputation of the trial).

LeGrand also argues that the district court erred in finding that he was a career offender under U.S.S.G. § 4B1.1. The career offender guideline provision requires that the defendant have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). We review de novo a district court's finding that prior convictions constitute crimes of violence as defined in § 4B1.2. *United States v. Mohr*, 407 F.3d 898, 901 (8th Cir. 2005). LeGrand concedes that his prior conviction for second degree burglary is a crime of violence, but he challenges the district court's holding that his prior conviction in Minnesota for attempted third degree burglary is a crime of violence.

The Minnesota statute defines third degree burglary as "[w]hoever enters a building without consent and with intent to steal or commit any felony or gross misdemeanor while in the building, or enters a building without consent and steals or commits a felony or gross misdemeanor while in the building, . . ." Minn. Stat. § 609.582, subdiv. 3. This is a generic burglary crime because it includes the elements of a generic burglary as outlined in *Taylor v. United States*, 495 U.S. 575, 599 (1990) (holding that the generic definition of burglary includes the elements of "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime").

We have held that any generic burglary, as defined by the United States Supreme Court in *Taylor*, is a crime of violence under the career offender guideline provisions because generic burglaries are included in the "otherwise involves" provision of § 4B1.2(a)(2). *United States v. Bell*, 445 F.3d 1086, 1088 (8th Cir.

2006); *United States v. Oman*, 427 F.3d 1070, 1076-77 (8th Cir. 2005); *Mohr*, 407 F.3d at 902. A generic burglary is a crime of violence because burglary always has a "serious potential risk of physical injury to another." *Mohr*, 407 F.3d at 901 (quotation omitted). Therefore, the district court correctly found that LeGrand's generic burglary conviction was a crime of violence and that LeGrand was a career offender.

Because the district court correctly determined that LeGrand was a career offender and accordingly set his base offense level at 34, LeGrand's challenge to the district court's application of certain sentencing guidelines enhancements is moot. Applying the challenged guidelines enhancements for the specific offense characteristic of possessing a dangerous weapon, U.S.S.G. § 2D1.1(b)(1), and the victim-related adjustment for physically restraining two individuals, U.S.S.G. § 3A1.3, would have resulted in an offense level of 30. These guidelines enhancements become irrelevant once we hold that the district court properly determined that LeGrand's offense level was 34 as a career offender.

Finally, LeGrand argues that his sentence under *Booker* violates the Ex Post Facto Clause. We have rejected this argument. *United States v. DeGarmo*, 450 F.3d 360, 366 (8th Cir. 2006); *United States v. Jones*, 440 F.3d 927, 929 (8th Cir. 2006); *United States v. Wade*, 435 F.3d 829, 832 (8th Cir. 2006) (per curiam).

## III. CONCLUSION

Accordingly, we affirm LeGrand's conviction and sentence.

_____