# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2555

_____

United States of America,       *
                                  *

            Appellee,         *

                                  *   Appeal from the United States

        v.                     *   District Court for the

                                  *   District of Minnesota.

Dan Thanh Nguyen,       *

                                  *

           Appellant.      *

_____

Submitted: February 11, 2008
Filed: May 22, 2008

_____

Before WOLLMAN, JOHN R. GIBSON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

A jury convicted Dan Nguyen of ten counts of mail fraud, 18 U.S.C. § 1341, and two counts of wire fraud, 18 U.S.C. § 1343. On appeal, he challenges various evidentiary and procedural rulings of the district court.[1] Finding no error, we affirm.

---

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

I.

Dan Nguyen was convicted of mail and wire fraud arising out of a "bust-out" scheme.[2]  In December 2004 and January 2005, Nguyen charged the maximum amount to several credit accounts and paid the balances with forged checks.  Once the checks were received, the balances on the accounts were temporarily increased.  After the increase, Nguyen would again charge the maximum authorized amount.  He charged $90,826 to the accounts before the credit issuers discovered that the checks were fraudulent.

Investigation of Nguyen began in January 2005, when loss prevention investigators from Marshall Field's noticed several large purchases and payments on Nguyen's account.  Video surveillance showed Nguyen, accompanied by another person, purchasing merchandise at a Marshall Field's store.  An investigator contacted United States Postal Inspector Troy Sabby and presented him with three insufficient checks that had been mailed as payments on Nguyen's account.

Inspector Sabby interviewed the holder of the accounts from which the checks were to draw; the holder informed the Inspector that the accounts had been closed three years earlier.  The holder said that he did not write any of the checks to Marshall

---

[2] "Bust-out" is a term that has been broadly used to describe any fraudulent scheme in which a person establishes an account, and then charges a large number of transactions to the account with no intention of paying the balance.  See, e.g., United States v. Phuc Thien Tran, 285 F.3d 934, 936 (10th Cir. 2002); United States v. Germosen, 139 F.3d 120, 123 (2d Cir. 1998); United States v. Schneider, 111 F.3d 197, 199 (1st Cir. 1997).  The person then declares "bust" and disappears or files for bankruptcy protection.  If the scheme is done in the name of a business, the business is declared insolvent, leaving "mulcted creditors . . . to pick over the meatless carcass of an assetless enterprise."  United States v. Crockett, 534 F.2d 589, 592 (5th Cir. 1976); see also United States v. Mohammad, 53 F.3d 1426, 1430 & n.1 (7th Cir. 1995).

Field's, that he did not give any checks to Nguyen, and that he did not know any checks were missing. On further investigation, Inspector Sabby learned that Nguyen had defrauded other credit issuers, including Wells Fargo Bank. He then provided the information he had gathered to the Police Department of Brooklyn Park, Minnesota, the city where Nguyen lived.

Relying on the information obtained from the Inspector, Marshall Field's investigators, and Wells Fargo Bank investigators, Detective John Blasingame prepared a search warrant application. The application requested authority to search Nguyen's home, car, and person to find evidence relating to the defrauded credit accounts and the merchandise he had purchased. A judge granted the warrant on February 8, 2005. The next day, officers executed the warrant and seized approximately 25 credit cards in Nguyen's name, credit card statements and letters, and merchandise that had been purchased with credit.

Nguyen filed for bankruptcy on April 13, 2005. He reported $3,202 in assets and $128,133 in liabilities.

II.

On June 20, 2006, a grand jury indicted Nguyen on ten counts of mail fraud, 18 U.S.C. § 1341, and two counts of wire fraud, 18 U.S.C. § 1343. Nguyen moved to suppress evidence obtained through the search warrant, on grounds that the warrant was not supported by probable cause. Adopting the magistrate judge's[3] recommendation, the district court denied the motion.

---

[3] The Honorable Susan Richard Nelson, United States Magistrate Judge for the District of Minnesota.

Prior to trial, the Government moved to exclude evidence of other bust-out schemes involving individuals associated with Nguyen. The Government did not intend to introduce evidence of these other schemes. As a result, it reasoned, statements from these individuals denying knowledge of the other schemes would be irrelevant to whether Nguyen knowingly or intentionally participated in the particular bust-out scheme of which he was accused. The court granted the Government's motion.

On the morning of the trial, Nguyen moved for a continuance because he wanted to replace his court-appointed attorney with a private lawyer. Although he was indigent, he suggested that he could borrow money from his family to hire a private lawyer. Nguyen did not challenge the competency of his appointed attorney and said that he believed his attorney was adequately prepared for trial. The court denied the continuance, and told Nguyen that he should have sought a "second opinion" earlier in the proceedings.

For Nguyen's defense, his counsel portrayed him as the unwitting victim of connivers who preyed on his desperate financial situation. Nevertheless, the jury returned a verdict of guilty on all 12 counts. Nguyen moved for a new trial, asserting that the court should have appointed a Vietnamese interpreter, the Government failed to disclose exculpatory evidence, and the court erred in excluding evidence of other bust-out schemes. The court denied the motion. Nguyen received 30 months of imprisonment on each of the 12 counts, to be served concurrently, in addition to a $1,200 special assessment and mandatory restitution of $90,826.

## III.

Nguyen appeals the district court's rulings on his motion to suppress, motion for a continuance, and motion for a new trial. For the reasons given below, we affirm the decisions of the district court.

A.

On appeal from the denial of a motion to suppress, we review the district court's legal determination of probable cause *de novo* and its underlying factual conclusions for clear error. United States v. McAtee, 481 F.3d 1099, 1102 (8th Cir. 2007). For probable cause to be shown, the warrant application and affidavit must describe circumstances showing that, based on practical experience and common sense, there is a fair probability that contraband or similar evidence will be found in the targeted place. Id. (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)). Relevant to a finding of probable cause are an informant's reliability, veracity, and basis of knowledge. Id. Our inquiry is whether the evidence, taken as a whole, provides a substantial basis for the finding of probable cause. Id. (quoting United States v. Terry, 305 F.3d 818, 822 (8th Cir. 2002)).

Nguyen attacks the warrant as improperly relying on information provided by the United States Postal Inspector, Marshall Fields investigators, and Wells Fargo Bank investigators. He asserts that the affidavit supporting the search warrant application did not show why Detective Blasingame believed the informants to be credible and reliable, or how the informants came to know the information in the affidavit. He also claims that the information used in the affidavit was stale, because the objects sought were mobile, easy to conceal, consumable, and very incriminating. See United States v. Kennedy, 427 F.3d 1136, 1142 (8th Cir. 2005) (affirming the suppression of narcotics and cash when the informant did not give a time frame).

Contrary to Nguyen's assertion, the magistrate found that Detective Blasingame reasonably relied on the informants. The magistrate saw no reason to treat the Postal Inspector differently from a police officer, and noted that police officers are entitled to a presumption of credibility when they are the informants mentioned in a search warrant affidavit. United States v. Apker, 705 F.2d 293, 304 (8th Cir. 1983). Moreover, the Postal Inspector spoke to investigators for the victim corporations and

the person whose checks were fraudulently used to pay the accounts. The magistrate properly deemed these individuals to be reliable, with no apparent motive to deceive the authorities.

As for Nguyen's staleness argument, the magistrate found that his pattern of fraudulent behavior suggested a continuing criminal activity. We agree. Because a bust-out scheme depends on writing new checks to keep up with the current account balances, as a practical matter Nguyen would have needed to maintain accurate records about how much he had purchased and the status of the account balances. There was a fair probability that credit card documentation and durable merchandise was in his possession within two months after the information was provided. The magistrate did not clearly err in her factual conclusions, and those conclusions supported the finding of probable cause.

B.

District courts have broad discretion to decide a request for a continuance. United States v. Wilcox, 487 F.3d 1163, 1172 (8th Cir. 2007). A "district court's discretion is at its zenith when the issue [of a continuance] is raised close to the trial date." United States v. Whitehead, 487 F.3d 1068, 1071 (8th Cir.), cert. denied, 128 S. Ct. 693 (2007). Continuances are disfavored and should only be granted if the moving party has shown a compelling reason. Wilcox, 487 F.3d at 1172. We will reverse only if the court abused its discretion and the moving party was prejudiced as a result. Id.

Nguyen paints the denial of his request for a continuance as the denial of his right to counsel of his own choosing. See United States v. Gonzalez-Lopez, 126 S. Ct. 2557, 2563 (2006). Last-minute requests to change counsel, however, are disfavored. United States v. Armstrong, 112 F.3d 342, 345 (8th Cir. 1997). When there is not a conflict of interest, irreconcilable conflict, or a complete breakdown in

communication between the defendant and his counsel of record, denial of a last-minute request for a substitution is appropriate. Id. Considering the court's interest in efficiently administering its own docket, and Nguyen's ample opportunity to retain private counsel, the district court did not abuse its discretion in denying Nguyen's request for a continuance on the morning of trial. See Whitehead, 487 F.3d at 1071; Armstrong, 112 F.3d at 345.

## C.

We review the district court's denial of a new trial for an abuse of discretion. United States v. LeGrand, 468 F.3d 1077, 1080 (8th Cir. 2006), cert. denied, 127 S. Ct. 2926 (2007). The district court's discretion is broad, but we may reverse if it did not consider all of the appropriate factors. Id. Nguyen offers three reasons why he should have been granted a new trial. We hold that a new trial was not warranted.

First, Nguyen argues that the district court erred by not granting him a Vietnamese interpreter. A defendant is entitled to an interpreter if the court determines that he "speaks only or primarily a language other than the English language . . . so as to inhibit [his] comprehension of the proceedings or communication with counsel or the court, or so as to inhibit [his] comprehension of questions and the presentation of . . . testimony." 28 U.S.C. § 1827(d)(1). A trial court has wide discretion in making that determination. Luna v. Black, 772 F.2d 448, 451 (8th Cir. 1985). Here, Nguyen's counsel specifically informed the court that Nguyen did not need an interpreter, the record shows that he had lived in the United States for approximately 20 years, and he had held jobs that required English proficiency. Under the circumstances, it was appropriate for the district court not to insert an unwanted person into the proceedings. See United States v. Khehra, 396 F.3d 1027, 1030 (8th Cir. 2005) (per curiam) (finding no plain error when defendant said he did not need an interpreter at trial).

Second, Nguyen contends that the Government committed a violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), because it did not disclose an advertisement featuring Mr. Hiep Huynh. According to Nguyen, the advertisement supported his theory that Huynh orchestrated the bust-out scheme and recruited him as an innocent participant. In <u>Brady</u>, the Supreme Court held that due process is violated if the prosecution suppresses evidence that is material to the defendant's guilt. <u>Id.</u> at 87. To establish a <u>Brady</u> violation, Nguyen must show that the Government suppressed evidence, the evidence was favorable to him, and the evidence was material to the issue of guilt. <u>United States v. Brown</u>, 360 F.3d 828, 833 (8th Cir. 2004).

During trial, the district court ruled that the advertisement was irrelevant because there was no evidence that Nguyen saw it or relied upon it. The court denied a new trial based on <u>Brady</u> because the advertisement was immaterial to Nguyen's guilt and was disclosed during trial in time for Nguyen to make use of it. We agree that the Government was not expected to imagine ways that the advertisement could somehow be relevant to Nguyen's defense. The district court did not abuse its discretion.

Third, Nguyen objects that the district court wrongly excluded evidence that Huynh had been involved in other bust-out schemes. We review this evidentiary ruling for an abuse of discretion and will not reverse unless substantial rights were affected. <u>United States v. Gregg</u>, 451 F.3d 930, 933 (8th Cir. 2006). Nguyen asserts that the evidence of Huynh's orchestration of other schemes was relevant to his state of mind and intent, based on the theory that Huynh duped him. The district court admitted evidence of Huynh's involvement with Nguyen's transactions, but ruled that evidence of other schemes was irrelevant as to his knowledge and intent regarding the allegations in the indictment. We agree; the district court's ruling was not erroneous.

IV.

Accordingly, we affirm the judgment of the district court.

_____