# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3011

_____

United States of America,         *
                               *

        Appellee,        *

                               *   Appeal from the United States
     v.                   *   District Court for the
                               *   District of Minnesota.

Edward G. Robinson,        *

                               *

        Appellant.      *

_____

Submitted: April 17, 2008
Filed: August 5, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Edward G. Robinson pled guilty to possession with intent to distribute more than 50 grams of cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), conditioned on his right to appeal the denial of his motion to suppress evidence. Fed. R. Crim. P. 11(a)(2). The district court[1] sentenced him to 160 months imprisonment. Robinson appeals the court's evidentiary ruling and the sentence it imposed. We affirm.

---

[1] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

I.

A confidential informant told Officer Mark Nelson of the St. Paul, Minnesota police department that Robinson was selling large amounts of cocaine from an apartment in St. Paul. The informant said he[2] had been inside the apartment numerous times to purchase narcotics from Robinson. Officer Nelson applied for a warrant to search the apartment. He stated in the application that he had arranged a controlled buy of cocaine from Robinson "within the last 48 hours," using the confidential informant.

A search warrant was issued on February 17, 2006, granting the authority to search for cocaine, money and bank statements, drug paraphernalia, photos showing drug use, and weapons. After the warrant was issued, Officer Nelson conducted additional surveillance on two days but uncovered no additional drug activity. The police executed the warrant on February 27, 2006 at 10:00 a.m. They seized documents bearing Robinson's name, a shoe box containing a scale, baggies, photographs, a .357 revolver, and suspected crack cocaine. A copy of the warrant was left at the residence.

Robinson was arrested outside the apartment a few hours after the execution of the search warrant. A grand jury indicted him for possession with intent to distribute 50 grams or more of cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii); possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2).

Robinson moved to suppress the evidence recovered from the execution of the search warrant. Among other arguments, he contended that the probable cause

_____

[2] We do not know the gender of the confidential informant. The pronoun "he" is used for convenience.

justifying the search warrant had become stale during the ten days between the issuance and execution of the warrant. The magistrate judge[3] found that the probable cause was not stale and recommended that the motion to suppress be denied. Robinson objected to the report and recommendation, which the district court reviewed *de novo*. Remarking that "courts should be hesitant to find continuing probable cause" without evidence of ongoing criminal activity, the court nonetheless concluded "that it was reasonable to believe the police would find evidence of residency and bank statements, even ten days after issuance of the warrant." The district court therefore denied Robinson's motion to suppress.

Pursuant to an agreement with the Government, Robinson pled guilty to the charge of possession with intent to distribute 50 grams or more of cocaine base, stipulating that he possessed 104 grams of the substance. He also stipulated that he possessed a firearm in connection with the drug-trafficking offense, but the Government agreed to dismiss the remaining two firearm-possession counts. Robinson reserved his right to appeal the adverse determination of his pre-trial motions. Fed. R. Crim. P. 11(a)(2). The Government further agreed that if the United States Attorney determined that Robinson had provided substantial assistance to the Government, it would move for a downward departure at the time of sentencing. The district court accepted the plea agreement.

At Robinson's sentencing hearing, the district court determined that his total offense level is 37 and his criminal history category is VI, resulting in a Sentencing Guidelines range of 262 to 327 months. Because Robinson had given substantial assistance, the Government moved for a downward departure and the court granted the motion. The court imposed a sentence of 160 months' imprisonment. After the sentence was imposed, Robinson's counsel asked why the sentence was above the

---

[3] The Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

statutory minimum even though the Government's motion was made under both the Sentencing Guidelines and 18 U.S.C. § 3553(e).  The court responded:

> I did grant the motion on both grounds.  The reduction was from the—the calculation is the reduction from the guideline range, which is the bottom of 262 months, so—I mean, clearly it opens up anything as a sentencing option, but the Court is, of course, required to consider the guideline range in determining the appropriate sentence. . . . There's also the additional issue that is constantly raised by the Circuit that the substantial reductions from the guideline range have to be supported by the really substantial assistance and so I needed to take that into account as well.

On appeal, Robinson challenges the district court's denial of his motion to suppress and the length of his prison sentence.  He argues that the district court misapprehended the extent of its authority to sentence below the Sentencing Guidelines or statutory minimum.

## II.

For his first point on appeal, Robinson contends that the district court erred in denying his motion to suppress the evidence obtained under the search warrant because it was stale and void under Minnesota law.  A warrant is stale if probable cause no longer existed at the time the warrant was executed.  United States v. Shegog, 787 F.2d 420, 422 (8th Cir. 1986).  We review a district court's legal conclusion as to probable cause *de novo* and its factual conclusions for clear error.  United States v. Nguyen, 526 F.3d 1129, 1133 (8th Cir. 2008).  Probable cause has been shown if the warrant application and affidavit describe circumstances showing "a fair probability that contraband or evidence of a crime will be found in a particular place."  Illinois v. Gates, 462 U.S. 213, 238 (1983).  The magistrate's determination should be based on practical, common-sense factors, given the totality of the circumstances set out in the affidavit.  Id.

Robinson argues that probable cause had dissipated because there was no evidence of continued drug activity during the ten-day delay in the execution of the warrant. Robinson misstates the nature of what the warrant granted the police the authority to seek. At the time the warrant was issued, Officer Nelson already knew that a crime had been committed at the apartment—he had the testimony of the confidential informant and the cocaine to establish that much. The warrant authorized the police to seek evidence that could identify the person who sold the drugs to the informant. Thus we are concerned with the probability that evidence linking Robinson to the apartment or drugs sales may have been found at the apartment, not the probability that a crime was ongoing at the time of execution. See Nguyen, 526 F.3d at 1134 (explaining that the fruits of already-committed fraud were likely to still be in suspect's possession).

We agree with the district court that there was a fair probability that evidence of Robinson's residency at the apartment would not have dissipated within ten days after the warrant was issued. The informant said that he had been in the apartment several times to buy narcotics, most recently during the controlled buy twelve days before the warrant was executed. While Robinson's continued possession of drugs may be likely to vary within a twelve-day cycle, as a practical matter his continued residency at the apartment and possession of drug paraphernalia are not. Given the totality of the circumstances, there was still probable cause to support the warrant when it was executed on February 27, 2006.

Robinson also asks us to hold that the warrant, issued by a Minnesota judge, was void under Minnesota law because it may have been executed more than ten days later. Under Minnesota law, a search warrant must be executed within ten days after its date. Minn. Stat. Ann. § 626.15(a) (West 2003). After the ten days expire, the warrant is void unless previously executed. Id. Robinson argues that, if the warrant was issued early in the morning of February 17, 2006, then more than ten days had passed, and there is no evidence that the warrant was issued later that day. What

Robinson ignores is that the Minnesota courts do not include the "day of the act or event from which the designated time period begins to run" in computing the expiration of deadlines. Minn. R. Crim. P. 34.01. Under Minnesota law, 240 hours is not the same as ten days. The police had until the end of February 27 to execute the warrant. Robinson's argument has no merit.

Robinson also suggests that the federal rules might apply, which require a magistrate judge issuing a warrant to command its execution "within a specified time no longer than 10 days." Fed. R. Crim. P. 41(e)(2)(A)(i). The federal rules, however, grant him no quarter. They exclude both the date of the event that begins the period, and intermediate Saturdays and Sundays when the period is less than 11 days. Fed. R. Crim. P. 45(a)(1)-(2).

### III.

For his second point, Robinson asserts that the district court misapprehended its authority to impose a sentence below the statutory minimum. The extent of a downward departure is not reviewable absent an unconstitutional motive. United States v. Williams, 324 F.3d 1049, 1050 (8th Cir. 2003) (per curiam). We do have jurisdiction to review a decision "based on the district court's legally erroneous determination that it *lacked* authority" to impose a particular sentence. United States v. Field, 110 F.3d 587, 591 (8th Cir. 1997).

The record does not show that the district court determined it lacked the authority to impose a sentence below the statutory minimum. The court said that the Government's motion "opens up anything as a sentencing option . . . ," and decided, in its own discretion, to reduce Robinson's sentence by 102 months. We may not review the reasons underlying the extent of the departure, such as the district court's consideration of the Sentencing Guidelines or scaling of the extent of the departure

to the degree of the substantial assistance. The extent of the departure remains unreviewable. See id.

Robinson further suggests that the district court failed to consider the factors under 18 U.S.C. § 3553(a) to determine his sentence. He claims that the district court did not sufficiently address his background or indicate whether it played a role in its sentencing decision. The sentencing transcript belies these claims. The court noted that it had "read the presentence report carefully and other materials in this case, including some correspondence from both Mr. Robinson and others." It heard testimony as to Robinson's substantial assistance and the statement he had given the police. The court reviewed a psychological report that was submitted on Robinson's behalf, and heard the arguments of Robinson's counsel. It heard Robinson's oral statements in court.

After hearing all of these things, the court stated on the record that it had, "spent a considerable amount of time thinking about what to do here." It imposed the sentence of 160 months, and remarked that it had taken Robinson's background into account. The court made statements regarding the seriousness of Robinson's offense. It was not necessary for the court to make a mechanical recitation of the § 3553(a) factors. United States v. Todd, 521 F.3d 891, 897 (8th Cir. 2008). In this case, we are more than satisfied that the district court considered the § 3553(a) factors and had a reasoned basis for arriving at the sentence. See United States v. Burnette, 518 F.3d 942, 948-49 (8th Cir. 2008).

IV.

We affirm the decision of the district court in all respects.

_____