# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1249

_____

United States of America,      *
     *
         Appellee,      *
     *    Appeal from the United States
       v.      *    District Court for the
     *    District of Minnesota.
Jeffrey Allen Sonczalla,      *
     *
         Appellant.      *

_____

Submitted: November 14, 2008
Filed: April 9, 2009

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Jeffrey Allen Sonczalla pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Finding that Sonczalla was an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), the district court[1] sentenced him to the statutory mandatory minimum of 15 years' imprisonment. On appeal, Sonczalla argues that the district court erred in sentencing him as an armed career criminal because he does not have three predicate offenses as required by § 924(e)(1). We disagree and affirm.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

## I. *Background*

In October 2007, Sonczalla pleaded guilty to being a felon in possession of a firearm, in violation of §§ 922(g)(1) and 924(e)(1). His presentence investigation report (PSR) classified him as an armed career criminal subject to the mandatory minimum 15-year sentence under the ACCA because he had at least three prior "violent felony" convictions. *See* 18 U.S.C. § 924(e)(1). Specifically, the PSR identified the following Minnesota convictions as predicate violent felonies: (1) 1982 conviction for second-degree burglary; (2) 1984 convictions for escape from custody and unauthorized use of a motor vehicle; (3) 1988 conviction for third-degree burglary; (4) 1989 conviction for unauthorized use of a motor vehicle; and (5) 1999 conviction for third-degree burglary. Sonczalla objected to his classification as an armed career criminal.

The district court adopted the findings in the PSR that Sonczalla's convictions qualified as predicate offenses under the ACCA and that Sonczalla qualified as an armed career criminal subject to the mandatory minimum 15-year sentence of § 924(e)(1). Accordingly, the court sentenced Sonczalla to a prison term of 180 months followed by three years of supervised release.

## II. *Discussion*

On appeal, Sonczalla contends that his 1982, 1984, 1988, and 1989 convictions are not predicate offenses for applying the armed career criminal enhancement because his civil right of firearm possession has been restored with respect to those convictions.

The ACCA provides that "a person who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent felony or a serious drug offense" is subject to a mandatory minimum prison sentence of 15 years. 18 U.S.C. § 924(e)(1). A "violent felony," in turn, is defined as follows:

[T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—
(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

*Id.* § 924(e)(2)(B).

Whether a person has been convicted of a "crime punishable by imprisonment for a term exceeding one year" is "determined in accordance with the law of the jurisdiction in which the proceedings were held." *Id.* § 921(a)(20). But "[a]ny conviction . . . for which a person . . . has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." *Id.* Minnesota law provides that a discharge restores a person who "has been deprived of civil rights by reason of conviction of a crime . . . to all civil rights and to full citizenship," Minn. Stat. § 609.165 subd. 1, and requires that an order of discharge include a firearm restriction for "a person who has been convicted of a crime of violence," Minn. Stat. § 609.165 subd. 1a.

"We have noted that for a person to have his civil rights restored by a state for the purposes of section 921(a)(20), the relevant state must actually have restored the felon's right to possess firearms." *United States v. Gipson*, 985 F.2d 412, 414 (8th Cir. 1993). If the applicable state law prohibits a person from possessing any type of firearm, then that person's civil rights have not been restored for purposes of § 921(a)(20). *Caron v. United States*, 524 U.S. 308, 314–15 (1998); *United States v. Collins*, 321 F.3d 691, 698 (8th Cir. 2003).

A. *Restoration of Civil Rights under 18 U.S.C. § 921(a)(20)*

Sonczalla argues that he does not have three predicate offenses as required by the ACCA because his civil rights—including his right to possess firearms—have been restored with respect to his 1982, 1984, 1988, and 1989 convictions under § 921(a)(20). Sonczalla emphasizes that his felon-in-possession-of-a-firearm charge arose more than ten years after he was discharged from these four convictions. Sonczalla's argument fails, however, because he misapprehends our standard for determining whether a defendant's right to possess firearms has, in fact, been restored.

In order for a conviction to be excludable under § 921(a)(20), the record must show effective and actual restoration of the right to possess firearms. And overlapping firearm prohibitions may prevent the effective and actual restoration of that right. In *United States v. Dockter*, the defendants were found guilty of being felons in possession of firearms and ammunition, in violation of § 922(g)(1), and were subject to the mandatory minimum 15-year sentence of § 924(e)(1). 58 F.3d 1284, 1286 (8th Cir. 1995). One of the defendants argued that two of his four prior burglary convictions did not qualify as predicate offenses under the ACCA because his civil rights had been restored with respect to those convictions under North Dakota law. *Id.* at 1289. North Dakota law prohibited a person convicted of a violent felony from owning or possessing firearms for ten years and a person convicted of any other felony from owning or possessing firearms for five years. *Id.* at 1290. We observed that "[d]ue to the overlap of the firearms prohibitions caused by his multiple offenses, [the defendant] has continuously been prohibited from possessing a firearm since he was sentenced for his first burglary. . . ." *Id.* Rejecting the defendant's argument "that we should not look to the overlap effect of the firearms prohibitions but instead should examine each offense in isolation," we held that the "effective and actual restoration of the right to possess firearms" is required "in order for a conviction to be excludable under § 921(a)(20)." *Id.* at 1290–91.

In accordance with *Dockter*, Sonczalla's civil rights were not restored under § 921(a)(20) unless his right to possess firearms was effectively and actually restored. At sentencing, Sonczalla's counsel admitted "that Mr. Sonczalla's right to bear arms has never been restored because he committed offenses within the applicable periods." Our review of Minnesota law and Sonczalla's burglary convictions confirms this concession.

In 1975, Minnesota enacted a law prohibiting a person convicted of a "crime of violence" from possessing a pistol "unless ten years have elapsed since the person has been restored to civil rights or the sentence has expired, whichever occurs first, and during that time the person has not been convicted of or adjudicated for any other crime of violence."[2] 1975 Minn. Laws ch. 378, § 3 (codified at Minn. Stat. § 624.713 subd. 1 (Supp. 1975)). The statute was amended in 1993 to apply to, in addition to pistols, "semiautomatic military-style assault weapons," 1993 Minn. Laws ch. 326, art. 1, § 27 (codified at Minn. Stat. § 624.713 subd. 1 (Supp. 1993)), and it was amended in 1994 to apply to "any other firearm," 1994 Minn. Laws ch. 636, art. 3, § 27 (codified at Minn. Stat. § 624.713 subd. 1 (1994)). Finally, in 2003, the statute was amended to impose a lifetime ban on the possession of firearms by a person convicted of a crime of violence. 2003 Minn. Laws ch. 28, art. 3, § 8 (codified at Minn. Stat. § 624.713 subd. 1(b) (Supp. 2003)). "The lifetime prohibition . . . applies only to offenders who are discharged from sentence or court supervision for a crime of violence on or after August 1, 1993." Minn. Stat. § 624.713 subd. 1.

---

[2]Minnesota law defines "crime of violence" as "felony convictions" for certain delineated offenses. Minn. Stat. § 624.712 subd. 5. Since the enactment of § 624.712 subd. 5, in 1975, burglary has been a delineated "crime of violence." 1975 Minn. Laws ch. 378, § 2 (codified at Minn. Stat. § 624.712 subd. 5 (Supp. 1975)). In 1987, § 624.712 subd. 5, was amended to include "burglary in the first, second, third, and fourth degrees" as crimes of violence. 1987 Minn. Laws ch. 276, § 3 (codified at Minn. Stat. § 624.712 subd. 5 (Supp. 1987)).

Sonczalla was convicted of second-degree burglary in 1982 and was released from prison for that offense on September 27, 1986. Under the law then in effect, he was prohibited from possessing a pistol until September 27, 1996. But on September 21, 1988, Sonczalla was sentenced to 41 months' imprisonment, which was stayed for five years with five years probation, for third-degree burglary. Sonczalla's prohibition period ran until ten years following the date of his discharge, a period that had not expired when he was again convicted of third-degree burglary in 1999. Sonczalla was released from prison in May 2001, and his supervised release term expired in March 2002; under the law then in effect, he was prohibited from possessing any firearm for ten years following the date of his discharge. Upon the amendment of § 624.713 subd. 1(b), in 2003, Sonczalla became subject to a lifetime prohibition on firearm possession.

Because Sonczalla's right to possess firearms has never been effectively and actually restored, his civil rights have not been restored with respect to his 1982, 1984, 1988, and 1989 convictions under § 921(a)(20). These convictions, therefore, are appropriate predicate offenses for consideration in applying the ACCA.

B. *Predicate Violent Felonies under 18 U.S.C. § 924(e)(2)(B)*

Sonczalla also argues that he does not have three predicate offenses as required by the ACCA because, under our rationale in *United States v. Williams*, 537 F.3d 969 (8th Cir. 2008), his 1984 convictions for escape from custody and unauthorized use of a motor vehicle, his 1988 conviction for third-degree burglary, and his 1989 conviction for unauthorized use of a motor vehicle are not predicate "violent felonies" as defined in § 924(e)(2)(B). Sonczalla does not dispute that his 1982 conviction for second-degree burglary and his 1999 conviction for third-degree burglary qualify as predicate violent felonies under § 924(e)(2)(B).

In *Williams*, we recognized that the Supreme Court held in *Begay v. United States* "that for a crime to fall within the 'otherwise' clause [of § 924(e)(2)(B)(ii)] it

must pose a similar degree of risk of physical injury as the example crimes and be similar in kind to the example crimes" listed in the statute. 537 F.3d at 972 (citing *Begay v. United States*, 128 S. Ct. 1581, 1585–86 (2008)). Noting that the definition of "violent felony" under the ACCA and the definition of "crime of violence" under the Guidelines are interchangeable, we applied *Begay* to conclude that auto theft by coercion is a crime of violence and that auto theft by deception, auto theft without consent, and auto tampering are not crimes of violence. *Id.* at 971, 973–76.

We reject Sonczalla's argument that his 1988 third-degree burglary conviction does not qualify as a predicate violent felony. Section 924(e)(2)(B)(ii) specifically identifies "burglary" as a violent felony. In *Taylor v. United States*, the Supreme Court interpreted the term "burglary" in § 924(e)(2)(B)(ii) in "the generic sense in which the term is now used in the criminal codes of most States." 495 U.S. 575, 598 (1990). According to the Court in *Taylor*, "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599.

We subsequently held that third-degree burglary under Minnesota law "is a generic burglary crime because it includes the elements of a generic burglary as outlined in *Taylor.* . . ." *United States v. LeGrand*, 468 F.3d 1077, 1081 (8th Cir. 2006) (citing *Taylor*, 495 U.S. at 599). Minnesota's third-degree burglary statute in effect when Sonczalla was convicted in 1988, like the third-degree burglary statute we considered in *LeGrand*, included "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime," *Taylor*, 495 U.S. at 599. *Compare* Minn. Stat. § 609.582 subd. 3 (1986) *and* Minn. Stat. §

609.582 subd. 3 (2006). Therefore, Sonczalla's 1988 third-degree burglary conviction is a predicate violent felony under § 924(e)(2)(B).[3]

### III. *Conclusion*

Because Sonczalla has three predicate offenses as required by the ACCA, the district court did not err in sentencing him as an armed career criminal subject to the mandatory minimum 15-year sentence. Accordingly, we affirm the judgment of the district court.

_____

_____

[3]Because Sonczalla's 1982, 1988, and 1999 burglary convictions qualify as predicate violent felonies under § 924(e)(2)(B), it is unnecessary for us to consider whether his escape from custody and unauthorized use of a motor vehicle convictions qualify as predicate violent felonies.