# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-1751

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas |
| | * | |
| Randall Duane Segan, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: July 23, 2009
Filed: August 3, 2009

———————

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Randall Duane Segan pleaded guilty to conspiring to distribute more than 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. After granting the government's motion for a downward departure based on Segan's substantial assistance, the district court[1] sentenced him to 90 months in prison (a sentence below the applicable statutory minimum) and 5 years of supervised release. On appeal, his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and seeks leave to withdraw.

———————

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

Reviewing the sentence for abuse of discretion, we must first ensure there was no significant procedural error – such as improperly calculating the Guidelines range or failing to consider the 18 U.S.C. § 3553(a) factors – and then assess the substantive reasonableness of the sentence. See Gall v. United States, 128 S. Ct. 586, 597 (2007). We conclude that the district court committed no procedural error. We further conclude that the district court did not abuse its discretion by imposing an unreasonable sentence. See United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007) (listing circumstances where sentencing court abuses its discretion, resulting in unreasonable sentence).[2]

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue for appeal. Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing and filing a petition for certiorari.

_____

[2]Further, the extent of the downward departure is not reviewable. See United States v. Robinson, 536 F.3d 874, 878 (8th Cir.) (extent of downward departure is not reviewable absent unconstitutional motive), cert. denied, 129 S. Ct. 745 (2008).