# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 08-3414

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Paula Rae Bates, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 14, 2009
Filed: August 31, 2009

_____

Before RILEY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Paula Rae Bates pled guilty to conspiracy to distribute 500 grams or more of methamphetamine after having previously been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. At sentencing, the district court calculated an advisory guideline sentence of 240 months' imprisonment, which was also the statutory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A). The government made substantial assistance motions under USSG § 5K1.1 and 18 U.S.C. § 3553(e), thus authorizing the district court to sentence Bates below the statutory minimum, and the district court imposed a sentence of 150 months' imprisonment.

In explaining its decision, the district court stated as follows:

> I don't believe the substantial assistance in this case was extraordinary, and that's why I didn't give a 50 percent reduction. However, if the United States Court of Appeals for the Eighth Circuit believes that [*Gall v. United States*, 128 S. Ct. 586 (2007),] alters the requirement that in order to have a 50 percent reduction it has to be extraordinary, based on the defendant's substantial assistance and my evaluation of the 5K1.1 factors, I would give a 50 percent reduction in this case if I wasn't required to follow existing Eighth Circuit law.
>
> So I'm kind of making an alternative holding that if there is no extraordinary requirement, I think the substantial assistance in this case easily would justify a 50 percent reduction. So I would have gone down to 120 months.

Bates appeals her sentence, arguing that the district court erroneously thought it did not have authority to impose a lower sentence absent "extraordinary" substantial assistance.

The government contends that we lack jurisdiction over this appeal, because ordinarily we lack jurisdiction to consider a defendant's challenge to the extent of a downward departure for substantial assistance. *See United States v. Pepper*, 570 F.3d 958, 964 (8th Cir. 2009). We may, however, review a district court's "erroneous determination that it *lacked* authority to impose a particular sentence." *United States v. Robinson*, 536 F.3d 874, 878 (8th Cir. 2008) (internal quotation omitted); *see also United States v. Johnson*, 517 F.3d 1020, 1023 (8th Cir. 2008). The essence of Bates's contention on appeal is that the district court erroneously believed that it lacked authority to make a further reduction in sentence. We have jurisdiction to consider that claim.

While this appeal was pending, the en banc court held in *United States v. Burns* (*Burns III*), Nos. 04-2901, -2933, 2009 WL 2525585 (8th Cir. Aug. 20, 2009) (en banc), that "the standard of appellate review laid down in *Gall* applies to our review of a sentence imposed under the provisions of 18 U.S.C. § 3553(e)." 2009 WL 2525585, at *6. The court therefore abandoned our prior approach to the review of sentence reductions under § 3553(e), and held that a court of appeals must "put[] aside all notions of exceptional/extraordinary circumstances, departure percentages, proportionality review, and similar data-based standards of review." *Id.* at *8.

The district court's comments at sentencing make clear that it felt constrained by the law then prevailing in this circuit. Given the appellate review described in *Burns III*, it is evident that the district court made its ruling based on what is now an incorrect legal premise, and that a sentencing court's authority to reduce sentences is now greater than what the district court believed. We therefore vacate Bates's sentence and remand for resentencing.

_____