# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1463

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　*　Western District of Missouri.
Tommie Whetzell,　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　Appellant.　　　　　　　*

_____

Submitted: November 20, 2009
Filed: February 10, 2010

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

Appellant Tommie Whetzell pleaded guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), and to making a false statement to acquire a firearm, 18 U.S.C. § 922(a)(6). At sentencing, the district court[1] calculated Appellant's base offense level to be twenty, finding that he had previously been convicted of housebreaking in a military court martial proceeding, and that such a crime qualifies as a "crime of violence" under U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2007). After taking into account a three-level reduction for

_____

[1] The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

acceptance of responsibility, U.S.S.G. § 3E1.1(a) and (b), and a four-level enhancement based on the number of firearms involved, U.S.S.G. § 2K2.1(b)(1)(B), the district court sentenced Appellant to forty-one months' imprisonment on each count, to be served concurrently. Appellant argues that the district court erred in applying § 2K2.1(a)(4)(A) because the court improperly referenced the underlying facts in Appellant's conviction, as stated by the military appellate court, in violation of the objective, categorical approach that the Supreme Court set out in Taylor v. United States, 495 U.S. 575, 602 (1990). Upon *de novo* review, United States v. LeGrand, 468 F.3d 1077, 1081 (8th Cir. 2006), we affirm the district court.

The guidelines provide for a base offense level of twenty upon a district court's finding that the defendant previously committed a "crime of violence." U.S.S.G. § 2K2.1(a)(4)(A). Appellant's prior crime, the crime of housebreaking, occurs when "[a]ny person subject to [the Uniform Code of Military Justice] . . . unlawfully enters the building or structure of another with intent to commit a criminal offense therein . . . ." 10 U.S.C. § 930. Housebreaking is a generic burglary crime because it includes the elements of "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor, 495 U.S. at 599. We have held that generic burglary, as defined in Taylor, is a crime of violence within the meaning of the guidelines. E.g., United States v. Stymiest, 581 F.3d 759, 769 (8th Cir. 2009); LeGrand, 468 F.3d at 1082. Therefore, Appellant's conviction for housebreaking constitutes a prior crime of violence.

Appellant's primary argument against this conclusion is that the district court improperly referenced the military court's discussion of the underlying facts of his conviction. Generally, a court is only to consider "the fact of conviction and the statutory definition of the prior offense." Taylor, 495 U.S. at 602. But the district court's reference in this case to the underlying facts of Appellant's housebreaking conviction, as articulated in the military court's opinion, does not change the fact that the elements of housebreaking constitute a generic burglary crime, a crime of violence

under our precedents.  Further, and contrary to Appellant's argument, the Supreme Court's opinion in <u>Begay v. United States</u>, 553 U.S. 137 (2008), did not alter our decisions in regard to generic burglary and does not provide reason for reversal.  <u>See</u> <u>Stymiest</u>, 581 F.3d at 768–69.

Accordingly, we affirm the judgment of the district court.

_____