# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1552

_____

United States of America

*Plaintiff - Appellee*

v.

Fred Carl Chapman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: November 7, 2013
Filed: November 14, 2013
[Unpublished]

_____

Before MURPHY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After Fred Chapman pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), the district court[1] sentenced

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

him to 63 months in prison and 3 years of supervised release. At sentencing, the court enhanced Chapman's felon-in-possession base offense level under U.S.S.G. § 2K2.1(a)(4)(A), because he had committed the offense after sustaining a prior felony conviction for a controlled-substance offense. On appeal, Chapman's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court erred in assigning criminal history points to the prior controlled-substance sentence, because it was too remote in time. He contends that the error affected Chapman's base offense level, because the base-offense increase in section 2K2.1(a)(4)(A) applies only if the sentence for the prior conviction at issue receives criminal history points. See U.S.S.G. § 2K2.1, comment. (n.10) (as relevant, for purposes of applying subsection (a)(4)(A), use only those felony convictions that receive criminal history points). Chapman has moved for counsel, and in a pro se supplemental brief, he restates counsel's arguments, and additionally argues that the restoration of his civil rights precludes use of the controlled-substance conviction to enhance his Guidelines base offense level under section 2K2.1(a)(4)(A).

We conclude that the district court did not err in assigning three criminal history points to Chapman's prior Iowa controlled-substance sentence. Although he was initially sentenced only to probation, he served three terms of imprisonment for probation violations; and, once aggregated, those periods of incarceration constituted one sentence exceeding one year and one month that was imposed within fifteen years of commencement of the instant offense. See U.S.S.G. §§ 4A1.2(e)(1) (any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of commencement of instant offense is counted), 4A1.2(k)(1) & comment. (n.11) (in case of prior revocation of probation, add original term of imprisonment to any term of imprisonment imposed upon revocation; total should be counted as if it were one sentence); United States v. Townsend, 408 F.3d 1020, 1022, 1026 (8th Cir. 2005) (standard of review; jail sentences imposed pursuant to Iowa court's findings of contempt for probation violations included in determining total term of prior sentence under § 4A1.2(k)).

We further conclude that Iowa's restoration of Chapman's civil rights following the discharge of his sentence on the controlled-substance offense does not immunize the controlled-substance sentence from receiving criminal history points. See U.S.S.G. § 4A1.2, comment. (n.10) (when computing criminal history, sentences resulting from convictions where civil rights were later restored "are to be counted").[2] Thus, because the district court properly assigned criminal history points to the prior sentence, the underlying controlled-substance conviction was properly used to enhance Chapman's base offense level under section 2K2.1(a)(4)(A). See U.S.S.G. § 2K2.1, comment. (n.10).

Finally, having reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, we deny Chapman's pending motion, and we grant counsel's motion to withdraw, subject to counsel informing Chapman about procedures for seeking rehearing or filing a petition for certiorari.

_____

[2]Under 18 U.S.C. § 921(a)(20), a "conviction" for which a person has had civil rights restored is not considered a conviction for purposes of the felon-in-possession statute, but an exception is made where the civil-rights restoration provides that the person may not ship, transport, possess, or receive firearms; and the document Chapman submitted below shows that Iowa had excluded from the restoration of his civil rights any rights respecting firearms. See United States v. Sonczalla, 561 F.3d 842, 844 (8th Cir. 2009) (to exclude conviction under § 921(a)(20), record must show effective and actual restoration of right to possess firearms).