# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3292
_____

United States of America

*Plaintiff - Appellee*

v.

Henry Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: May 21, 2019
Filed: May 24, 2019
[Unpublished]

_____

Before BENTON, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Henry Smith pleaded guilty to bank robbery, 18 U.S.C. § 2113(a). At sentencing, the district court[1] determined that he was a career offender based on two

_____

[1]The Honorable Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas.

previous federal bank-robbery convictions and imposed a within-Guidelines-range sentence of 151 months in prison. *See* U.S.S.G. § 4B1.1(a)–(b). In an *Anders* brief, Smith's counsel requests permission to withdraw and identifies the applicability of the career-offender classification and a two-level Guidelines enhancement as two issues for us to consider on appeal. *See Anders v. California*, 386 U.S. 738 (1967).

We conclude that the district court did not plainly err in classifying Smith as a career offender. *See United States v. Harper*, 869 F.3d 624, 626–27 (8th Cir. 2017) (holding that "bank robbery by intimidation under § 2113(a) is a crime of violence" under the Guidelines); *see also United States v. Callaway*, 762 F.3d 754, 759 (8th Cir. 2014) (explaining that, when a defendant fails to object to an alleged procedural error, we review it for plain error). In light of this conclusion, we need not address Smith's alternative argument about a Guidelines enhancement that had no effect on his sentence. *See United States v. LeGrand*, 468 F.3d 1077, 1082 (8th Cir. 2006).

We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and conclude that there are no non-frivolous issues for appeal. Accordingly, we affirm the judgment and grant counsel permission to withdraw.

_____