# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2214

_____

United States of America,        *
                        *

        Appellee,        *
                        *   Appeal from the United States

    v.                  *   District Court for the Western
                        *   District of Missouri.

James A. Mincks,        *
                        *

        Appellant.       *

_____

Submitted: March 17, 2005
Filed: June 1, 2005

_____

Before RILEY, BOWMAN, and GRUENDER, Circuit Judges.

_____

RILEY, Circuit Judge.

      James A. Mincks (Mincks) pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). After finding Mincks's prior Missouri convictions for two second-degree burglaries and for second-degree statutory rape and second-degree statutory sodomy constituted violent felonies, the district court[1] sentenced Mincks to 180 months' imprisonment, the mandatory minimum under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Mincks appeals his sentence, contending the district court (1) erred in classifying

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

Mincks's prior Missouri convictions for second-degree statutory rape and second-degree statutory sodomy as violent felonies, and (2) violated Mincks's Sixth Amendment rights under Blakely v. Washington, 124 S. Ct. 2531 (2004), by failing to require a jury to decide beyond a reasonable doubt whether his prior convictions were violent felonies. We affirm.

## I.     BACKGROUND

After Mincks pled guilty to being a felon in possession of a firearm, the United States Probation Office prepared a presentence investigation report (PSR). The PSR reported Mincks had two prior Missouri convictions for second-degree burglary,[2] as well as Missouri convictions for second-degree statutory rape and second-degree statutory sodomy (statutory sexual offenses).[3] The PSR concluded each of these offenses constituted violent felonies. Because Mincks had three prior convictions for violent felonies, the PSR recommended classifying Mincks as an armed career criminal under the ACCA.

Mincks objected to the PSR's recommendation to the extent his statutory sexual offenses were considered violent felonies. Over Mincks's objection, the district court decided Mincks's statutory sexual offenses were violent felonies for purposes of the ACCA, and applied the armed career criminal sentencing enhancement under United States Sentencing Guideline (U.S.S.G.) § 4B1.4.

---

[2]The PSR also reported Mincks had other adult convictions from 1987 to 1994, including resisting arrest, driving while intoxicated, driving with excessive blood alcohol content, driving while his license was revoked, possession of an open alcohol container in a vehicle, failure to appear in court, and leaving the scene of a motor vehicle accident. Since 1994, Mincks has spent a substantial part of his time in custody.

[3]The PSR indicated Missouri court records reflect Mincks, at age 32, and another man had sexual and oral intercourse with a sixteen-year old.

On appeal, Mincks concedes his burglary convictions qualify as violent felonies under the ACCA. However, he contends his statutory sexual offenses are not violent felonies, because the elements of the crimes do not include physical force or threats of force, and because "[s]tatutory sexual offenses are not, inherently, the type of offenses that present a serious risk of harm to others." Mincks also argues the district court violated his constitutional rights by failing to submit to a jury the question of whether his prior statutory sexual offenses qualify as violent felonies.

## II.    DISCUSSION
### A.    ACCA Violent Felonies

We first consider whether the district court erred in enhancing Mincks's sentence under the ACCA based on his prior statutory sexual offenses. Mincks maintains these prior convictions are not violent felonies, because (1) neither of the Missouri statutes under which Mincks was convicted requires physical force or threats of force, and (2) the statutory sexual offenses do not present serious risks of harm to others.

We review de novo whether a prior offense constitutes a violent felony under the ACCA. United States v. Childs, 403 F.3d 970, 971 (8th Cir. 2005). The ACCA imposes a mandatory minimum fifteen-year sentence for a defendant who (1) is convicted of being a felon in possession of a firearm, and (2) has three prior violent felony convictions. 18 U.S.C. § 924(e)(1). A violent felony under the ACCA includes "any crime punishable by imprisonment for a term exceeding one year, . . . that . . . involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

In determining whether a prior offense is a violent felony for purposes of sentence enhancement under the ACCA, the Supreme Court has adopted "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Taylor v. United States,

-3-

495 U.S. 575, 600 (1990). Accordingly, we look to the Missouri statutes which Mincks violated. In Missouri, a person commits second-degree statutory rape "if being twenty-one years of age or older, he has sexual intercourse with another person who is less than seventeen years of age." Mo. Rev. Stat. § 566.034(1). A person commits second-degree statutory sodomy "if being twenty-one years of age or older, he has deviate sexual intercourse with another person who is less than seventeen years of age." Mo. Rev. Stat. § 566.064(1).

Even though physical force, or the threatened use of such force, is not an element of second-degree statutory rape or sodomy under Missouri law, we conclude categorically that the statutory sexual offenses present a serious potential risk of physical injury to another, because "this type of contact between parties of differing physical and emotional maturity carries 'a substantial risk that physical force . . . may be used in the course of committing the offense.'" United States v. Alas-Castro, 184 F.3d 812, 813 (8th Cir. 1999) (per curiam) (quoting 18 U.S.C. § 16(b)) (holding sexual assault of a child is a crime of violence under 18 U.S.C. § 16(b)); United States v. Bauer, 990 F.2d 373, 374-75 (8th Cir. 1993) (per curiam) (holding statutory rape is a crime of violence under U.S.S.G. § 4B1.2, which uses the same language as the ACCA, notwithstanding the fact that sexual intercourse may have been consensual); United States v. Rodriguez, 979 F.2d 138, 141 (8th Cir. 1992) (holding offense of lascivious acts with a child, by its nature, poses a substantial risk of physical force, and, therefore, is a crime of violence under 18 U.S.C. § 16(b)). Whether physical injury is intended when an adult engages in sexual intercourse or sodomy with a minor, physical injury is a serious potential risk arising from either of the assaults, and is logically foreseeable. We conclude the district court correctly determined Mincks's second-degree statutory rape and second-degree statutory sodomy convictions constitute violent felonies for purposes of sentence enhancement under the ACCA. Thus, the district court correctly sentenced Mincks to the mandatory minimum under the ACCA.

-4-

**B.    Sixth Amendment Rights**

Citing <u>Blakely</u>, Mincks next argues the district court violated his Sixth Amendment rights by enhancing his sentence under the ACCA without a jury determination that his statutory sexual offenses were violent felonies.  In <u>Blakely</u>, the Supreme Court held the State of Washington's sentencing system was unconstitutional.  <u>See</u> <u>Blakely</u>, 124 S. Ct. at 2537-38.  In <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005), the Court extended <u>Blakely</u> to the mandatory Federal Sentencing Guidelines, holding the Sixth Amendment requires "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  The Supreme Court severed two provisions of the Sentencing Reform Act of 1984, 18 U.S.C. § 3553(b)(1) and § 3742(e), effectively creating an advisory Guidelines system.  <u>Id.</u> at 765.  Sentencing judges still take account of the Guidelines together with 18 U.S.C. § 3553(a) goals.  <u>Id.</u> at 764-66.  <u>See</u> <u>United States v. Pirani</u>, 406 F.3d 543, 548 (8th Cir. 2005) (en banc).

In <u>United States v. Nolan</u>, 397 F.3d 665, 667 n.2 (8th Cir. 2005), we stated, "the fact of a prior conviction is for the court to determine, not a jury."  Similarly, whether the prior conviction is a violent felony under the ACCA is distinctly a question of law for the court, not a jury.  Therefore, we conclude Mincks's sentence does not invoke a <u>Blakely</u> or <u>Booker</u> error.

**III.    CONCLUSION**

We therefore affirm Mincks's sentence.

_____