# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1734

_____

United States of America,

    Appellee,

v.

George L. Gordon,

    Appellant.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Western District of Missouri.

_____

Submitted: October 14, 2008
Filed:  February 24, 2009

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

BEAM, Circuit Judge.

George L. Gordon appeals his sentence after pleading guilty to possessing a firearm as a convicted felon.  The district court imposed a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), after finding Gordon had three prior convictions for "violent felon[ies]." Because we conclude Gordon's 2004 Missouri conviction for endangering the welfare of a child in the first degree is not an ACCA predicate offense, we vacate his sentence and remand for resentencing.

## I.    BACKGROUND

In November 2006, Kansas City, Missouri, police officers arrested Gordon on an outstanding warrant during the course of a traffic stop.  After a search of Gordon's vehicle incident to his arrest revealed a .357 caliber revolver, Gordon pleaded guilty to the felon-in-possession charge underlying the instant appeal.  The presentence investigation report (PSR) revealed several prior felony convictions, including a 1996 Missouri conviction for second-degree robbery and armed criminal action; a 2004 Missouri conviction for endangering the welfare of a child in the first degree; and a 2006 Missouri conviction for domestic assault.  The PSR deemed those three offenses "violent felon[ies]" within the meaning of the ACCA, and consequently found Gordon was subject to a fifteen-year mandatory minimum sentence.

At sentencing, Gordon argued his child endangerment conviction was not a "violent felony" under the ACCA.  Thus, Gordon asserted he had only two convictions for ACCA predicate offenses and was not subject to the fifteen-year mandatory minimum.  In response, the government noted Gordon's conviction arose out of his relationship with a young girl, likened his offense to statutory rape and drew the district court's attention to United States v. Mincks, 409 F.3d 898, 900 (8th Cir. 2005), in which we found statutory rape categorically qualifies as a violent felony under the ACCA.  Although the government recognized child endangerment and statutory rape are distinct offenses, it urged the court to follow Mincks because of the specific facts underlying Gordon's child endangerment conviction.  The district court sided with the government, overruled Gordon's objection, and sentenced Gordon to 180 months in prison and three years of supervised release.  This appeal followed.

## II.    DISCUSSION

The ACCA mandates a fifteen-year minimum prison term for those felons who unlawfully possess firearms following three or more convictions for certain drug

offenses or violent felonies committed on occasions distinct from one another. 18 U.S.C. § 924(e)(1). For these purposes, a "violent felony" includes any offense punishable by imprisonment for a term exceeding one year which "is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." Id. § 924(e)(2)(B)(ii) (emphasis added). The only issue before us is whether Gordon's prior offense qualifies as a "violent felony" within the meaning of the italicized language–the ACCA's so-called "otherwise" clause. See United States v. Williams, 537 F.3d 969, 972 (8th Cir. 2008).[1] We review de novo whether a prior conviction qualifies as an ACCA predicate offense. United States v. Van, 543 F.3d 963, 966 (8th Cir. 2008).

Until recently, our decisions interpreting the "otherwise" clause focused on whether the risk of physical injury associated with an unlisted crime was similar in degree to the risks of injury associated with the example crimes: burglary, arson, extortion and offenses involving the use of explosives. Williams, 537 F.3d at 972 (citing various prior cases). See also, e.g., Mincks, 409 F.3d at 900. As the Supreme Court recently clarified, however, the "otherwise" clause is not a catchall provision intended to reach every potentially dangerous prior offense. Begay v. United States, 128 S. Ct. 1581, 1584-85 (2008). Rather, the clause covers only those crimes "roughly similar, *in kind as well as in degree of risk posed*, to the examples themselves." Id. at 1585 (emphasis added). The Begay Court elucidated the similar-in-kind requirement by noting the examples "all typically involve purposeful, violent, and aggressive conduct." Id. at 1586 (internal quotations omitted). Such conduct, the Court concluded, "makes [it] more likely that an offender, later possessing a gun, will use that gun deliberately to harm a victim." Id. In other words, prior offenses

---

[1]In resolving this question, we follow cases interpreting the term "violent felony" for purposes of the ACCA and those interpreting the term "crime of violence" for purposes of United States Sentencing Guidelines §§ 2K2.1 & 4B1.1. Williams, 537 F.3d at 971 (noting that because the relevant definitions of the two terms are "virtually identical," we do not recognize a distinction between them).

typically involving such conduct are "associated with a likelihood of future violent, aggressive, and purposeful 'armed career criminal' behavior" in a way that other more passive, but no less potentially injurious prior offenses are not. Id. at 1588. The Begay Court applied that rationale to conclude New Mexico's driving under the influence of alcohol (DUI) offense was not covered by the "otherwise" clause because DUI, although dangerous, is a strict liability offense typically lacking the purposeful, violent and aggressive conduct embodied by the example crimes and associated with an increased likelihood the offender will commit future gun crimes. Id. at 1587-88. To determine whether Gordon's prior offense is covered by the "otherwise" clause then, we must consider whether it poses a similar degree of risk of physical injury *and* whether it typically involves conduct that is similarly purposeful, violent and aggressive when compared to the conduct involved in its closest analogue among the example crimes. Williams, 537 F.3d at 972.

In performing that analysis, we focus on the generic elements of the offense and not on the specific facts underlying Gordon's conviction. Begay, 128 S. Ct. at 1584 (citing the "categorical approach" adopted in Taylor v. United States, 495 U.S. 575, 602 (1990)). Gordon was convicted of violating Missouri section 568.045, which criminalizes various knowing actions that endanger a child's welfare.[2] Because the statute can be violated in a number of ways, "we look to the charging papers for the limited purpose of determining the specific elements for which [Gordon] was

---

[2]In Missouri, a person commits the felony offense of endangering the welfare of a child in the first degree if he or she knowingly (1) acts so as to create a substantial risk to the life, body, or health of a child under seventeen; (2) engages in sexual conduct with a child under seventeen and over whom the person is a parent, guardian, or otherwise has a custodial relationship; (3) induces a child under seventeen to violate any provision of chapter 195 of the Missouri statutes; (4) enlists the aid of a child under seventeen in the commission of any one of various offenses involving methamphetamine or amphetamine; or (5) commits any one of various offenses involving methamphetamine or amphetamine in the presence of a child under seventeen. See Mo. Rev. Stat. § 568.045.1(1)-(5) (2004).

-4-

convicted." United States v. Livingston, 442 F.3d 1082, 1084 (8th Cir. 2006). Here, the criminal information to which Gordon pleaded guilty alleges, in relevant part, that he endangered a child's welfare by "knowingly act[ing] in a manner that created a substantial risk to the body and health of . . . a child less than seventeen years old." Appellant's Add. at 6. This language tracks section 568.045.1(1), which makes it unlawful to "knowingly act[] in a manner that creates a substantial risk to the life, body, or health of a child less than seventeen years old." Mo. Rev. Stat. Ann. § 568.045.1(1) (2004). Our task is to determine whether that offense (1) "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), and (2) "typically involve[s] purposeful, violent, and aggressive conduct." Begay, 128 S. Ct. at 1586 (internal quotations omitted). If both requirements are met, Gordon's prior offense may qualify as a "violent felony" under the ACCA's "otherwise" clause. Id. at 1585.

Because section 568.045.1(1) requires that a person act so as to create a substantial risk to a child's life, body, or health, we will assume the first requirement is satisfied. That is, we assume Gordon's prior offense ordinarily "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), and that such risk is comparable in degree to that associated with any one of the example crimes. See James v. United States, 127 S. Ct. 1586, 1594, 1597 (2007) (concluding an unlisted crime involves the requisite level of risk if "the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another").[3] We conclude, however, that the second

---

[3]Relying on circuit precedent and the specific details of Gordon's child endangerment conviction, the government contends this first requirement is met because Gordon's specific offense conduct essentially amounted to statutory rape. To be sure, we have held that statutory rape and statutory sodomy present a serious risk of physical injury to others within the meaning of section 924(e)(2)(B)(ii), because "this type of contact between parties of differing physical and emotional maturity carries a substantial risk that physical force" may be used in the commission of the offense. Mincks, 409 F.3d at 900 (quotation omitted). And we note the specific

-5-

requirement for inclusion in the "otherwise" clause is not met. Gordon's prior offense is not similar in kind to burglary, arson, extortion or offenses involving the use of explosives because it does not typically involve the three types of conduct characteristic of those crimes. Specifically, nothing in the statutory definition of Gordon's prior offense suggests it "typically involve[s]" violent and aggressive conduct. Begay, 128 S. Ct. at 1586. Rather, a person can create a substantial risk to a child's life, body or health through knowing actions that are neither violent nor aggressive, and this subsection is routinely applied to very passive behavior. E.g., State v. Riggs, 2 S.W.3d 867, 868, 872-73 (Mo. Ct. App. 1999) (affirming a mother's conviction under the same statutory language, after the accidental drowning death of her young son, for leaving him unsupervised near an unfenced pond); State v. Gaver, 944 S.W.2d 273, 276-78 (Mo. Ct. App. 1997) (affirming a mother's conviction under identical language in an earlier version of this statute for repeatedly leaving her sons alone with her physically abusive husband, despite visible injuries suggesting he was harming them in her absence). As such, we cannot say Gordon's child endangerment conviction indicates a proclivity for violence and aggression in the same way that, for example, a prior burglary conviction might. In other words, Gordon's prior offense is not covered by the ACCA's "otherwise" clause because it is not the kind of prior

---

offense conduct alleged in the information to which Gordon pleaded guilty charged that he "knowingly acted in a manner that created a substantial risk to the body and health of . . . a child less than seventeen years old, *by engaging in sexual intercourse with [the child]*." Appellant's Add. at 6 (emphasis added). But "Begay reiterates that courts should consider how the law defines the crime, not how a crime might be committed on a particular occasion." Williams, 537 F.3d at 972 n.1. We therefore confine our analysis to the definition of Gordon's prior offense as set forth in the relevant subsection of Missouri's child endangerment statute. Because that definition does not require sexual contact between parties of differing physical and emotional maturity, Mincks does not control our analysis of whether Gordon's prior offense presents a serious risk of physical injury to others. Because the statutory definition does require conduct creating a substantial risk to a child's life, body, or health, however, we assume the offense, in the ordinary case, presents a serious risk of physical injury to others.

offense "show[ing] an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger." <u>Begay</u>, 128 S. Ct. at 1587.

In support of the contrary conclusion, the government asserts Gordon's prior offense is roughly similar in kind to the example crimes listed in the "otherwise" clause because it, like the examples and unlike the DUI offense at issue in <u>Begay</u>, requires intentional conduct. In essence, the government contends <u>Begay</u> hinged on the fact that DUI–a strict liability offense–lacks the "intentional or purposeful conduct" embodied by the example crimes and properly associated with a likelihood the offender will commit a future gun crime. <u>Id.</u> As such, the government contends prior offenses requiring some mens rea roughly akin to purpose (here, knowledge) can still be ACCA predicates after <u>Begay</u>, regardless of whether they also necessarily entail violent and aggressive conduct. Indeed, such must be the case, the government posits, because the enumerated offense of burglary is surely still an ACCA predicate after <u>Begay</u>, but need not be either violent or aggressive.

We reject these arguments. To be sure, it is possible to imagine scenarios–however atypical–in which several of the example crimes could be committed in a purposeful but not particularly violent or aggressive manner. <u>E.g.</u>, <u>James</u>, 127 S. Ct. at 1597 (discussing a hypothetical extortion scheme in which an anonymous blackmailer threatens to reveal embarrassing personal information about a victim unless the victim sends regular payments). But the <u>Begay</u> Court focused on the fact "[t]he listed crimes all *typically* involve purposeful, violent, and aggressive conduct." 128 S. Ct. at 1586 (emphasis added) (internal quotation omitted). "Perhaps because it is common sense that a DUI is not violent or aggressive in an ordinary sense," the Court then distinguished DUI from the examples mainly on the ground that it typically lacks purposeful conduct and "did not . . . explain in other than conclusory terms why a DUI was not violent or aggressive." <u>United States v. Herrick</u>, 545 F.3d 53, 58 (1st Cir. 2008). Nonetheless, "[t]he Supreme Court's description of conduct that is similar in kind [to the examples] consistently uses 'and' to join the words 'purposeful, violent, *and* aggressive conduct.'" <u>Williams</u>, 537 F.3d at 975 (emphasis

-7-

in original) (quoting <u>Begay</u>, 128 S. Ct. at 1586). Thus, we understand that "*all* characteristics should *typically* be present before an 'otherwise' crime reaches the level of an example crime." <u>Id.</u> (emphases added). <u>Accord</u> <u>Herrick</u>, 545 F.3d at 58-59.

Turning to the government's burglary analogy, we think all three characteristics–or at least the potential for all three types of conduct–are present during the commission of a typical burglary. A burglar's intentional and unlawful entry into a building "'creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate.'" <u>Williams</u>, 537 F.3d at 974 (quoting <u>Taylor</u>, 495 U.S. at 588). Thus, the purposeful offense of burglary is also typically a "particularly violent and aggressive [crime] because the burglar's 'own awareness of this possibility may mean that he is prepared to use violence if necessary to carry out his plans or to escape.'" <u>Id.</u> (quoting <u>Taylor</u>, 495 U.S. at 588). In other words, burglary, by its very definition, creates a likelihood that violence will ensue and aggressive conduct will result during the commission of the offense. By contrast, and as discussed above, nothing in the definition of Gordon's prior offense suggests it typically involves a similar potential for either violence or aggression.

## III.  CONCLUSION

For the foregoing reasons, we conclude Gordon's prior conviction for endangering the welfare of a child, in violation of Missouri section 568.045.1(1), is not a "violent felony" within the meaning of the ACCA. As such, Gordon has only two prior convictions for ACCA predicate offenses, and he is not subject to the fifteen-year mandatory minimum sentence. We therefore vacate Gordon's sentence and remand his case to the district court for resentencing.

_____