# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1163

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Leon Clinkscale, Jr., | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: October 14, 2008
Filed: March 17, 2009

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

LOKEN, Chief Judge.

Leon Clinkscale, Jr., pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him as an armed career criminal to 180 months in prison, the mandatory minimum sentence under 18 U.S.C. § 924(e)(1). Clinkscale appeals the sentence, contending that his prior Minnesota convictions for motor vehicle theft and for terroristic threats were not "violent felonies" within the meaning of § 924(e), an issue we review *de novo*. With the case pending on appeal, panels of this court overruled our prior decisions on which the district court properly relied; now, a state law offense of taking a motor vehicle without the owner's consent is *not* a violent felony. See United States v. Aleman, 548 F.3d 1158, 1168 (8th Cir. 2008) (Minnesota law); United States v. Williams, 537 F.3d

969, 973-74 (8th Cir. 2008) (Missouri law), reh'g en banc denied, No. 07-2679 (8th Cir. Nov. 3, 2008).  Accordingly, we remand for resentencing.

The Armed Career Criminal Act mandates a fifteen-year sentence for felons in possession who were convicted of at least three prior violent felonies.  18 U.S.C. § 924(e)(1). Section 924(e)(2)(B) defines violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that— (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  The district court concluded that Clinkscale has three prior violent felony convictions -- motor vehicle theft, terroristic threats, and burglary.  He concedes that burglary is a qualifying violent felony but contests the other two.

1.  At the time of Clinkscale's sentencing, our case law clearly established that motor vehicle theft was, categorically, a violent felony under § 924(e)(2)(B).  See United States v. Sprouse, 394 F.3d 578, 580-81 (8th Cir. 2005).  In Begay v. United States, 128 S. Ct. 1581, 1584-85 (2008), the Supreme Court modified the test for deciding whether an offense is a violent felony under the residual "otherwise involves" clause of § 924(e)(2)(B)(ii).  In Williams, applying Begay, we concluded that the Missouri offense of taking a motor vehicle without the owner's consent is not a crime of violence under this clause because it is dissimilar in nature from the enumerated crimes.  537 F.3d at 974.  As the government acknowledged at oral argument, and as we subsequently confirmed in Aleman, 548 F.3d at 1168, our decision in Williams controls our analysis under Minnesota law because Clinkscale's motor vehicle theft conviction required proof only that he took "movable property of another without the other's consent."  Minn. Stat. § 609.52, subd. 2(1).

As Clinkscale's motor vehicle theft conviction was not a violent felony, it was error to impose the mandatory minimum sentence under § 924(e)(1) for three prior

violent felony convictions. However, the now-advisory Guidelines provide for an enhanced base offense level if Clinkscale has at least two prior felony convictions for a "crime of violence." U.S.S.G. § 2K2.1(a). The definition of "crime of violence" in U.S.S.G. § 4B1.2(a) is nearly identical to the definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B), and we treat the two as interchangeable. See United States v. Smith, 422 F.3d 715, 721 (8th Cir. 2005), cert. denied, 546 U.S. 1127 (2006). Accordingly, whether Clinkscale's terroristic threats conviction was both a "violent felony" under 18 U.S.C. § 924(e)(2)(B) and a "crime of violence" under U.S.S.G. § 4B1.2(a) will be significant at resentencing and is an issue that we may address, and the parties have urged us to address, at this time.

2. In 2001, Clinkscale pleaded guilty to a violation of Minn. Stat. § 609.713, subd. 1, which provides: "Whoever threatens . . . to commit any crime of violence with purpose to terrorize another . . . . may be sentenced to imprisonment for not more than five years." He concedes that this offense "has as an element the . . . threatened use of physical force against the person of another" within the meaning of 18 U.S.C. § 924(e)(2)(B)(i) and U.S.S.G. § 4B1.2(a)(1). But he contends that it is not a predicate crime of violence because, under Minnesota law, a felony offense is deemed to be a misdemeanor if "the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence." Minn. Stat. § 609.13, subd. 1(2). We disagree.

A crime of violence is an offense "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2(a). As the word "punishable" makes clear, the focus of this federal definition is on the prison sentence that *may* be imposed under state law, "regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." § 4B1.2 comment. (n.1). We have repeatedly rejected Clinkscale's argument in construing the word "punishable" in related criminal statutes. See United States v. Kind, 194 F.3d 900, 906-07 (8th Cir. 1999) (18 U.S.C. § 922(g)(1)), cert. denied, 528 U.S. 1180 (2000); Peltier v. United

-3-

States, 867 F.2d 1125, 1127 (8th Cir. 1989) (then-18 U.S.C. § 3575(e)(1)); United States v. Matter, 818 F.2d 653, 654 (8th Cir. 1987) (18 U.S.C. App. § 1202, the predecessor to § 922(g)). Minn. Stat. Ann. § 609.713, subd. 1, authorizes a sentence of up to five years in prison for a terroristic threats offense. Therefore, a prior conviction for this offense is a violent felony for purposes of 18 U.S.C. § 924(e)(2)(B), and a crime of violence for purposes of U.S.S.G. § 4B1.2(a)(1).

The judgment of the district court is reversed, and the case is remanded for resentencing.

_____