# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1403

_____

United States of America,

      Appellee,

v.

Martin Larry Wilson,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*
\*

_____

Submitted: December 9, 2008
Filed: April 20, 2009

_____

Before COLLOTON, BRIGHT, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Martin Larry Wilson pled guilty to one count of being a felon and domestic abuse misdemeanant in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 922(g)(9). The district court sentenced Wilson to 78 months imprisonment after finding that his prior Missouri felony conviction for endangering the welfare of a child in the first degree qualifies as a "crime of violence" under section 2K2.1(a)(4) of the Sentencing Guidelines. Because we conclude that Wilson's prior conviction for endangering the welfare of a child in the first degree is not a crime of violence, we vacate his sentence and remand for resentencing.

Marengo, Iowa, police officers arrived at Wilson's home in response to a 911 hang-up call on November 17, 2006, and observed Wilson and his wife arguing in the yard. Wilson's wife was bleeding and had significant facial injuries. Officers separated the two, placing Wilson in a patrol car and escorting his wife into the house. While questioning the wife, an officer noticed a replica revolver next to a chair in the living room. The officer asked if there were any other firearms in the house, and the wife replied that she believed a .22 caliber rifle was hidden in the rafters. An officer then questioned Wilson, who cooperated and disclosed that the rifle was actually on top of the entertainment center. When that officer returned to the house, another officer had already located the rifle.

Wilson pled guilty to one count of knowingly possessing a firearm in violation of 18 U.S.C. § 922(g)(1)[1] and 922(g)(9),[2] which carries a ten-year maximum sentence. See 18 U.S.C. § 924(a)(2). At sentencing, the district court determined that a base offense level of 20 was appropriate because, according to the court, Wilson's prior Missouri felony conviction for endangering the welfare of a child in the first degree qualifies as a crime of violence within the meaning of the Sentencing Guidelines.[3] See

---

[1]"It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition . . . ." 18 U.S.C. § 922(g)(1). On February 28, 1992, Wilson was convicted of theft in the second degree in Linn County, Iowa, and sentenced to five years imprisonment (suspended) and placed on two years probation.

[2]"It shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence . . . [to] possess in or affecting commerce, any firearm or ammunition . . . ." 18 U.S.C. § 922(g)(9). On November 29, 2005, Wilson was convicted of simple domestic abuse, a misdemeanor offense, in Iowa County, Iowa.

[3]The Sentencing Guidelines define "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or threatened use of physical force

United States Sentencing Commission, Guidelines Manual, §2K2.1(a)(4)(A) (setting a base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of [] a crime of violence"). The court also imposed a two-level upward adjustment for obstruction of justice because Wilson failed to appear at a court-ordered hearing, increasing his offense level to 22. Wilson was assessed with six criminal history points, resulting in a criminal history category of III. However, the court departed upward to category IV based on Wilson's extensive criminal record. The court calculated an advisory Guidelines range of 63 to 78 months and then sentenced Wilson to 78 months imprisonment. Absent a prior felony conviction for a crime of violence, Wilson's base offense level would have been 14, see id. §2K2.1(a)(6), his adjusted offense level 16, and his advisory Guidelines range 33 to 41 months.

According to the Presentence Investigation Report, on April 6, 2000, Wilson was convicted in Lewis County, Missouri, of endangering the welfare of a child in the first degree, a Class D felony, in violation of Mo. Rev. Stat. § 568.045.1(1), by knowingly "act[ing] in a manner that created a substantial risk to the lives of" his two children, both of whom were "less than seventeen years old."[4] The conduct underlying his conviction was "operating a motor vehicle on the highway while intoxicated with said children in the vehicle." That same day, he was also convicted

---

against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG §4B1.2(a); see also id. §2K2.1 comment. (n.1) (noting that "[f]or purposes of this guideline [§2K2.1] . . . 'crime of violence' has the meaning given that term in §4B1.2(a)").

[4]Section 568.045.1(1) reads: "A person commits the crime of endangering the welfare of a child in the first degree if: (1) [t]he person knowingly acts in a manner that creates a substantial risk to the life, body, or health of a child less than seventeen years old[.]" Mo. Rev. Stat. § 568.045.1(1). In 2003, Missouri reclassified this offense as a class C felony. See 2003 Mo. Legis. Serv. 88 (West).

of driving under the influence. On appeal, Wilson argues that his prior conviction for child endangerment is not a crime of violence. We review de novo a district court's finding that a prior conviction constitutes a crime of violence under the Sentencing Guidelines. United States v. LeGrand, 468 F.3d 1077, 1081 (8th Cir. 2006), cert. denied, 127 S. Ct. 2926 (2007).

Earlier this term, this court held that "endangering the welfare of a child, in violation of Missouri section 568.045.1(1), is not a 'violent felony' within the meaning of the [Armed Career Criminal Act]," 18 U.S.C. § 924(e)(2)(B). United States v. Gordon, 557 F.3d 623, 628 (8th Cir. 2009). We applied the Supreme Court's reasoning from Begay v. United States, 128 S. Ct. 1581 (2008), and found that "nothing in the statutory definition of [endangering the welfare of a child] suggests [that] it typically involves violent and aggressive conduct." Gordon, 557 F.3d at 626 (quotation and alteration omitted). Rather, we observed that "a person can create a substantial risk to a child's life, body or health through knowing actions that are neither violent nor aggressive, and this subsection [Mo. Rev. Stat. § 568.045.1(1)] is routinely applied to very passive behavior." Id. (listing Missouri cases in which defendants were convicted for leaving children unattended near an unfenced pond and with a physically abusive spouse).

This court has also held that "[t]he definition of 'crime of violence' in USSG §4B1.2(a) is nearly identical to the definition of 'violent felony' in 18 U.S.C. § 924(e)(2)(B), and we treat the two as interchangeable." United States v. Clinkscale, No. 08-1163, 2009 WL 674139, at *1 (8th Cir. Mar. 17, 2009). Because Missouri's felony offense of endangering the welfare of a child in the first degree does not qualify as a violent felony under the Armed Career Criminal Act, see Gordon, 557 F.3d at 628, it also does not constitute a crime of violence under the Sentencing Guidelines, see Clinkscale, 2009 WL 674139, at *1. Therefore, the district court improperly calculated Wilson's offense level and advisory Guidelines range, which constitutes significant procedural error. See, e.g., United States v. Spikes, 543 F.3d

1021, 1023 (8th Cir. 2008). Because we cannot discern what sentence the court would have imposed under a properly calculated Guidelines range, the procedural error was not harmless. See id. at 1026. Accordingly, we vacate Wilson's sentence and remand to the district court for resentencing.

_____