# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2701

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　　 *
　　　　　　　　　　　　　　　　　　　*　　Appeal from the United States
　　　v.　　　　　　　　　　　　　　　*　　District Court for the
　　　　　　　　　　　　　　　　　　　*　　District of Minnesota.
William Patrick Flannigan,　　　　　 *
　　　　　　　　　　　　　　　　　　　*　　[UNPUBLISHED]
　　　　　　Appellant.　　　　　　　　 *


_____

Submitted: February 8, 2010
Filed: February 19, 2010

_____

Before WOLLMAN, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

William Patrick Flannigan pleaded guilty to being a felon in possession of a firearm, see 18 U.S.C. § 922(g), and the district court[1] sentenced him under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), to 180 months of imprisonment. Flannigan appeals, arguing that two of the three predicate offenses relied upon by the district court are not violent felonies for purposes of the ACCA. He argues that his convictions for third-degree burglary of a commercial building under Minn. Stat.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

§ 609.582, subd. 3, and terroristic threats under Minn. Stat. § 609.713, subd. 1 are not violent felonies.

Flannigan concedes that our court has previously determined that both of these offenses are violent felonies for purposes of the ACCA. See United States v. Sonczalla, 561 F.3d 842, 846 (8th Cir.) (third-degree burglary conviction under Minn. Stat. § 609.582 is a violent felony under § 924(e)(2)(B)(ii)), cert. denied,130 S. Ct. 238 (2009), petition for cert. filed, _ U.S.L.W. _ (U.S. Jul. 27, 2009) (No. 09-5491); United States v. Clinkscale, 559 F.3d 815, 817 (8th Cir. 2009) (terroristic threat under Minn. Stat. § 609.713 is a violent felony under § 924(e)(2)(B)(i)). This panel is bound by those decisions. See United States v. Nelson, 589 F.3d 924, 925 (8th Cir. 2009).

We reject Flannigan's attempt to lump his prior felonies with the list of previously classified violent felonies that have been reclassified after the Supreme Court decided Begay v. United States, 128 S. Ct. 1581 (2008). See, e.g., United States v. Gordon, 557 F.3d 623, 626 (8th Cir. 2009) (child endangerment); United States v. Williams, 537 F.3d 969, 972-73 (8th Cir. 2008) (auto theft). Begay redefined how courts are to classify felonies within the "otherwise" clause of § 924(e)(2)(B)(ii), holding that felonies must be "roughly similar, in kind as well as in degree of risk posed" to the enumerated crimes to fit within the "otherwise" clause. Begay, 128 S. Ct. at 1585. However, neither of Flannigan's predicate felonies depend on the "otherwise" clause for inclusion within the statute's definition of a violent felony. Burglary is a specifically enumerated crime, see § 924(e)(2)(B)(ii) (defining a violent felony as a felony that "is burglary, arson, or extortion"), and a terroristic threat fits the first clause of the definition, see § 924(e)(2)(B)(i) (defining violent felony as a felony that "has as an element the . . . threatened use of physical force"). Begay therefore has no impact on our precedent, by which we are bound.

Flannigan's 180-month sentence is affirmed.

_____