# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2538

_____

United States of America,         \*
                                 \*

         Appellee,         \*
                                 \*   Appeal from the United States

v.                       \*   District Court for the
                                 \*   Eastern District of Arkansas.

Michael Darnell Cooper,         \*
                                 \*       [UNPUBLISHED]

         Appellant.       \*

_____

Submitted: March 5, 2010
Filed: March 24, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Michael Darnell Cooper (Cooper) pled guilty to possessing with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841. The district court[1] determined that Cooper was a career offender under U.S.S.G. § 4B1.1, based in part on a previous Arkansas felony conviction for intimidating a witness. The court imposed a below-Guidelines-range sentence of 240 months in prison and 5 years of supervised release. On appeal, Cooper's counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), questioning whether the

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

witness-intimidation conviction was a crime of violence under U.S.S.G. § 4B1.2(a), and whether Cooper's sentence was reasonable. Cooper requested appointment of new counsel on appeal and filed a pro se supplemental brief, in which he asserts that he did not receive the revised presentence report (PSR) until 30 minutes before the sentencing hearing and his counsel was ineffective.

We conclude the district court properly determined Cooper was a career offender because we agree his witness-intimidation conviction was a crime of violence. See U.S.S.G. § 4B1.1(a) (explaining a defendant is a career offender if, among other things, he has at least two prior felony convictions for either a crime of violence or a controlled substance offense), § 4B1.2(a)(1) (stating an offense is a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person of another"); United States v. Wilson, 562 F.3d 965, 967 (8th Cir. 2009) (applying de novo review). Because the Arkansas witness-intimidation statute encompasses threats against both persons and property, underlying judicial records of Cooper's conviction may be examined to determine whether he was convicted of threatening a person or property. See Ark. Code Ann. § 5-53-109 (declaring a person intimidates a witness if he threatens the witness to influence his testimony); Ark. Code Ann. § 5-53-101(6) (defining "threat" as menace to use physical force against a person or to harm a person with respect to property, health, safety, business, calling, career, financial condition, reputation, or personal relationship); United States v. Salean, 583 F.3d 1059, 1061 (8th Cir. 2009) (holding that when a statute proscribes discrete, alternative sets of elements, one or more of which is not generically a violent felony, review of certain judicial records is permitted to determine whether the defendant was in fact convicted of the violent-felony alternative), cert. denied, 78 U.S.L.W. 3482 (U.S. Feb. 22, 2010) (No. 09-8658); see also United States v. Williams, 537 F.3d 969, 971 (8th Cir. 2008) (this court has never recognized a difference between "crime of violence" and "violent felony"). Uncontested portions of the PSR indicated Cooper's witness-intimidation conviction was based on his threatened use of physical force against a person, namely,

threatening to kill a witness.  See Fed. R. Crim. P. 32(i)(3)(A) (stating at sentencing, the court may accept any undisputed portion of the PSR as fact); United States v. Davis, 583 F.3d 1081, 1095-96 (8th Cir. 2009) ("[u]nless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes"), cert. denied, 78 U.S.L.W. 3481 (U.S. Feb. 22, 2010) (No. 09-8480); see also United States v. McCall, 439 F.3d 967, 974 (8th Cir. 2006) (en banc) (concluding that when a statute punishes both violent and nonviolent conduct, courts may look to the unobjected-to PSR description of the prior offense conduct, so long as the PSR does not expressly state it relied on impermissible sources, such as police reports), abrogated on other grounds by Begay v. United States, 553 U.S. 137 (2008).

We also find no abuse of discretion in the sentence.  See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (listing the factors that constitute an abuse of discretion); cf. United States v. Sicaros-Quintero, 557 F.3d 579, 583 (8th Cir. 2009) (according a presumption of reasonableness on appeal to a sentence at the bottom of the Guidelines range).

As to Cooper's additional pro se arguments, any error arising from his receipt of the revised PSR was waived or harmless because Cooper did not request a continuance or show any prejudice.  See Fed. R. Crim. P. 32(e)(2), and 52(a); United States v. Turner, 898 F.2d 705, 714 (9th Cir. 1990) (holding the late delivery of the PSR was harmless error, absent any showing of prejudice).  We decline to consider Cooper's ineffective-assistance claim at this time.  See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (explaining ineffective-assistance claims are best litigated in 28 U.S.C. § 2255 proceedings).

Finding no nonfrivolous issue for appeal, <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we grant counsel's motion to withdraw, deny Cooper's motion to replace counsel, and affirm the judgment.

_____