# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1229

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Willie Jackson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 5, 2010
Filed: August 11, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Willie Jackson pleaded guilty to conspiring to distribute and possess with intent to distribute in excess of 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court[1] determined that Jackson was a career offender under U.S.S.G. § 4B1.1, based on a 1989 felony drug conviction and a 1995 felony conviction for "violence/injury to persons" under Mo. Rev. Stat. § 217.385 (1989); the court sentenced Jackson to 108 months in prison and 4 years of supervised release.

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

On appeal, Jackson's counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), objecting to career-offender status.

We conclude that Jackson qualified as a career offender. <u>See</u> U.S.S.G. § 4B1.1(a) (defendant is career offender if, inter alia, he has at least two prior felony convictions for crime of violence or controlled-substance offense); <u>United States v. Wilson</u>, 562 F.3d 965, 967 (8th Cir. 2009) (de novo review). First, although counsel questions whether the 1995 conviction under section 217.385 was a "crime of violence," the presentence report indicates that the indictment for the predicate offense stated Jackson struck another inmate in the head and face with his fists. <u>See</u> Mo. Rev. Stat. § 217.385 (1989) ("No offender shall commit or offer to commit violence to an employee of the department or to another offender housed in a department correctional facility, *or* attempt to do injury to any building or other property." (emphasis added)); U.S.S.G. § 4B1.2(a)(1) (offense is crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person of another"); <u>United States v. Ross</u>, 2010 WL 2869560, at * 1 (8th Cir. July 23, 2010) (when a statute of conviction encompasses multiple generic crimes, and when some qualify as crimes of violence and others do not, the court may apply a "modified categorical approach" that permits review of certain judicial records to determine whether the defendant was convicted of a crime of violence). Second, contrary to counsel's argument, the 1989 and 1995 convictions were "separate" under the Guidelines. <u>See</u> U.S.S.G. § 4B1.2, comment. (n.3) (provisions of U.S.S.G. § 4A1.2 are applicable to counting of convictions under § 4B1.1); <u>see also</u> U.S.S.G. § 4A1.2(a)(2) (prior sentences are always counted separately if sentences were imposed for offenses that were separated by intervening arrest; if there was no intervening arrest, prior sentences are counted separately unless (A) sentences resulted from offenses contained in same charging instrument, or (B) sentences were imposed on same day).

Finding no nonfrivolous issue for appeal, <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we grant counsel's motion to withdraw and we affirm the judgment.

_____