# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-1670

_____

United States of America

*Plaintiff - Appellee*

v.

Ronnie L. Hardman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 18, 2012
Filed: September 28, 2012(Corrected October 1, 2012)
[Unpublished]

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ronnie Lee Hardman pled guilty to knowingly possessing a firearm after conviction of a felony offense, in violation of 18 U.S.C. § 922(g)(1). The district

court[1] sentenced him to the mandatory minimum of 180 months' imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Hardman appeals, arguing that the district court erred because two of his previous convictions (for selling cocaine to the same detective 20 days apart) were not separate offenses nor "serious drug offenses." This court reviews de novo whether a prior conviction qualifies as an ACCA predicate offense. *United States v. Gordon*, 557 F.3d 623, 624 (8th Cir. 2009). This court has consistently found that convictions similar to Hardman's support application of the ACCA. *See, e.g.*, *United States v. Speakman*, 330 F.3d 1080 (8th Cir. 2003) (finding three drug sales to the same informant within a one-month period were separate ACCA predicate offenses). By Missouri law, Hardman's offenses are serious drug offenses under the ACCA. *See* 18 U.S.C. § 924(e)(2)(A)(ii) (defining "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law"); Mo. Rev. Stat. §§ 195.211, 558.011.1(2) (2000) (subjecting those convicted of the class B felony of distributing a controlled substance to a maximum sentence of 15 years' imprisonment). Hardman urges this court to reconsider its precedent. This panel cannot; only the court en banc could do so. *See United States v. Billue*, 576 F.3d 898, 904 (8th Cir. 2009).

The judgment of the district court is affirmed.

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.